UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHUDUKI WOMACK, #458771,

       Plaintiff,                           Hon. Paul L. Maloney

v.                                     Case No. 1:19-cv-531

JOHN DAVIDS, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Partial Summary Judgment. (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted.

## BACKGROUND

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) where the events giving rise to this action occurred. Plaintiff initiated this action on July 3, 2019, against: (1) Casey Cheney, ICF Chaplain; (2) John Doe, MDOC Religious Director; (3) John Davids, ICF Warden; and (4) Heidi Washington, MDOC Director. (ECF No. 1). In his complaint, Plaintiff alleges the following.

Plaintiff, who refers to himself by the name Intelligent God Ra Allah, is an adherent of the Nation of Gods and Earths (NGE) religious faith.   Plaintiff requested that the MDOC formally recognize NGE as a "legitimate religious group" thereby permitting NGE members to participate in group services, receive religious literature, possess other religious items, and recognize NGE holy days.   Plaintiff's requests were denied.   Plaintiff alleges that this refusal to afford formal recognition to NGE violates his First Amendment right to freely practice his religion as well as his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).   Plaintiff seeks monetary and injunctive relief.   Defendants Davids and Washington now move for summary judgment on the ground that Plaintiff has failed to properly exhaust his claims against them.   Plaintiff has failed to respond to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).   A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).   Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by

admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.   The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005).   The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).   Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

A.      Defendants' Motion for Summary Judgment

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies.    *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).    Prisoners are no longer required to demonstrate exhaustion in their complaints.    *See Jones v. Bock*, 549 U.S. 199, 216 (2007).    Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.    *Id*. With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules."    *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006).    In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust."    The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 provides that a prisoner, prior to submitting a grievance, attempt to resolve the issue with staff, unless prevented by circumstances beyond his or her control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019).    If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a grievance, but the prisoner must

pursue such through all three steps of the grievance process as detailed in the Policy Directive.   MDOC Policy Directive 03.02.130 ¶¶ Q, W, S, DD, HH (Mar. 18, 2019).

Defendants Davids and Washington have presented evidence that, while Plaintiff exhausted his present claims against Defendant Cheney, he failed to exhaust his claims against them.   (ECF No. 17, PageID.145-52).   Plaintiff has been afforded ample time for discovery and to respond to the present motion.   (ECF No. 19).   Nevertheless, Plaintiff has failed to respond to Defendants' motion or otherwise demonstrate that there exists a genuine dispute whether he properly exhausted his claims against Defendants Washington or Davids.   Accordingly, the undersigned finds that Defendants Washington and Davids have satisfied their burden and are, therefore, entitled to summary judgment on the ground that Plaintiff failed to properly exhaust his claims against them.

B.     Defendant Doe

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint."   The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."   If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period."   Fed. R. Civ. P. 4(m).

On January 13, 2020, the Court ordered that Plaintiff's complaint be served on Defendants Davids, Cheney, and Washington.    (ECF No. 11).    The Court's Order expressly informed Plaintiff that "the 90-day period for service set forth in [Rule] 4(m) shall run, starting with the date of this order."    (*Id.*).    With respect to Defendant Doe, the Court expressly noted that it "lacks sufficient information" to effect service on this defendant.    (*Id.*).    In the more than seven months since, there is no indication in the record that Plaintiff has made any effort to identify this Doe Defendant.    Plaintiff has not requested the Court's assistance.    Likewise, there is no indication that Plaintiff sought to learn this Defendant's identity via discovery.    Considering Plaintiff's lack of diligence, the undersigned recommends that Plaintiff's claims against Defendant Doe be dismissed without prejudice for failure to timely effect service.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Partial Summary Judgment (ECF No. 16) be granted and Plaintiff's claims against Defendants Washington and Davids be dismissed for failure to properly exhaust administrative remedies.    The undersigned also recommends that Plaintiff's claims against Defendant Doe be dismissed for failure to timely effect service.    For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous.    *Coppedge v. United States*, 369 U.S. 438, 445 (1962).    Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

-6-

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.    28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

**Date:**  July 20, 2020                     /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

-7-