UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHUDUKI WOMACK, #458771,

      Plaintiff,                               Hon. Paul L. Maloney

v.                                            Case No. 1:19-cv-531

JOHN DAVIDS, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 26). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted and this matter terminated.

## BACKGROUND

Plaintiff is presently incarcerated by the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) where the events giving rise to this action occurred. Plaintiff initiated this action on July 3, 2019, against: (1) Casey Cheney, ICF Chaplain; (2) John Doe, MDOC Religious Director; (3) John Davids, ICF Warden; and (4) Heidi Washington, MDOC Director. (ECF No. 1). In his complaint, Plaintiff alleges the following.

Plaintiff, who refers to himself by the name Intelligent God Ra Allah, is an adherent of the Nation of Gods and Earths (NGE) religious faith. On dates unknown, Plaintiff requested that the MDOC formally recognize NGE as a "legitimate religious

-1-

group," thereby permitting NGE members to participate in group services, receive religious literature; possess other religious items; and recognize NGE holy days. Plaintiff's requests were denied by Defendants Cheney, Doe, and Davids. Plaintiff alleges that this refusal to afford formal recognition to NGE violates his First Amendment right to freely practice his religion as well as his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Defendants Davids and Washington previously moved for summary judgment. (ECF No. 16). Plaintiff failed to respond to Defendants' motion and Plaintiff's claims against these two Defendants were dismissed. (ECF No. 20, 22). Plaintiff's claims against Defendant Doe have likewise been dismissed. (*Id.*). Defendant Cheney now moves for summary judgment. Plaintiff has failed to respond to the present motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by

-2-

admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodide*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

Plaintiff alleges that the refusal by Defendant Cheney, and others, to recognize the NGE as a "legitimate religious group" violates his rights under RLUIPA and the First Amendment.

To establish that his First Amendment rights have been violated, Plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) his belief is sincerely held, and (3) Defendant's behavior infringes upon his practice or belief. *Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987). To establish that his rights under RLUIPA have been violated, Plaintiff must establish that Defendant imposed a "substantial burden" on his religious exercise and that such burden does not constitute the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000cc-1(a). To prevail on either of these claims, Plaintiff must further establish that Defendant was personally involved in the conduct which allegedly violated his rights. *See, e.g., Dykes v. Finco*, 2020 WL 6747882 at *2 (W.D. Mich., June 16, 2020) (citations omitted).

In support of his motion for summary judgment, Defendant Cheney has submitted an affidavit in which he asserts that he was not personally involved in resolving Plaintiff's request for recognition of the NGE. (ECF No. 27, PageID.311-15). Defendant further asserts that he was not involved in denying Plaintiff any religious literature or religious items. (*Id.*). At his deposition, Plaintiff acknowledged that Defendant Cheney did not possess the authority to resolve his request for formal

recognition of the NGE faith.  (ECF No. 27, PageID.264).  Plaintiff also conceded that he had no evidence that Defendant was involved in the conduct giving rise to his claims. (*Id.*, PageID.241-43, 247-50).  Specifically, Plaintiff acknowledged that his allegations against Defendant Cheney were premised on nothing more than an "educated guess." (*Id.*, PageID.243).  This evidence is sufficient to establish that Defendant had no personal involvement in the actions which allegedly violated Plaintiff's rights.  Plaintiff has failed to respond to the present motion and has, therefore, failed to present any evidence to counter than submitted by Defendant.  Accordingly, the undersigned finds that Defendant is entitled to summary judgment.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 26) be granted and this matter terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated:   March 25, 2021    /s/Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge